IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

T<span>AMMIE</span> J. H<span>ERRIN</span>                                                                                                            P<span>LAINTIFF</span>

VS.                                              C<span>IVIL</span> N<span>O</span>. 04-5283

J<span>O</span> A<span>NNE</span> B. B<span>ARNHART</span>, C<span>OMMISSIONER</span>
S<span>OCIAL</span> S<span>ECURITY</span> A<span>DMINISTRATION</span>                                                         D<span>EFENDANT</span>

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Tammie Herrin, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying her claim for disability insurance benefits (hereinafter "DIB"), supplemental security income (hereinafter "SSI"), under the provisions of Titles II and XVI of the Social Security Act (hereinafter the "Act").

**Procedural Background:**

The applications for DIB and SSI now before this court were filed on March 28, 2003, alleging an onset date of March 16, 2002, due to a herniated disc, chronic cervical sprain, nerve damage, arthritis of the spine, degenerative disc disease (hereinafter "DDD"), spondylosis, heart disease, and problems concentrating. (Tr. 46-48, 61, 159-161). An administrative hearing was held on March 18, 2004. (Tr. 200-221). Plaintiff was present and represented by counsel.

At the time of the hearing, plaintiff was forty-one years old, and possessed the equivalent of a high school education and certification as a registered nurse. (Tr. 15, 203). Records indicate that her past relevant work experience ("PRW") was as a nurse. (Tr. 15, 203).

On April 27, 2004, the Administrative Law Judge (hereinafter "ALJ"), issued a written decision finding that plaintiff suffered from severe impairments, but that those impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No.

4. (Tr. 20). After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ("RFC"), to perform a full range of light work. Then, relying on the Medical-Vocational Guidelines (hereinafter the "Grids"), the ALJ found that plaintiff was not disabled. (Tr. 21).

On September 17, 2004, the Appeals Council declined to review this decision. (Tr. 3-6). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 5, 6).

**Applicable Law**:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003), 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

When, as here, the Appeals Council has considered new and material evidence and has, nonetheless, declined review, the ALJ's decision becomes the final action of the Commissioner. At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was

not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had they been available at the initial hearing. *Flynn v. Chater*, 107 F.3d 617, 622 (8th Cir. 1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.*; *Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995).

In the present case, the additional medical evidence presented to the Appeals Council consisted of a mental status exam, progress notes from Ozark Guidance Center, and additional records detailing plaintiff's diagnoses of anxiety and depression. (Tr. 174-197). Given the fact that plaintiff has claimed concentration problems to be a contributing cause of her alleged disability, and because these are the only records detailing her treatment for a mental impairment during the relevant time period, we believe that remand is necessary to allow the ALJ to review these documents.

Also of concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored

into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

In the present case, the ALJ concluded that plaintiff could perform a full range of light work. However, in so doing, he failed to consider plaintiff's non-exertional impairments. Records indicate that plaintiff had undergone cervical fusion surgery in 2000, which resulted in nonunion. (Tr. 109). As a result she sought treatment for neck pain, back pain, and muscle spasms on numerous occasions. (Tr. 107, 108, 109, 110, 134-136, 138, 141, 142). Further, for her pain, she was prescribed a variety of pain medications and muscle relaxers, including Soma, Vicodin ES, Valium, a Medrol Dosepak, Flexeril, and Lortab. Given the fact that plaintiff's pain has necessitated the use of such strong pain medications, we believe that the ALJ should have considered her pain, when determining plaintiff's RFC. 20 C.F.R. § 404.1545(a)(3). Accordingly, on remand, the ALJ is directed to reconsider the medical evidence concerning plaintiff condition, paying close attention to plaintiff's pain levels and medications, and to solicit the testimony of a vocational expert regarding the type of jobs plaintiff remains capable of performing, if any.

We also note that the ALJ dismissed plaintiff's subjective complaints because, at the time of the hearing, she was reportedly working between six and twelve hours per week. Further review of the evidence reveals that plaintiff was working as a gopher for her husband's cabinet company,

delivering samples to builders. (Tr. 205). At the hearing, she testified that this job allowed her the flexibility to not work on days when she did not feel well, and to work on weekends, if necessary, to get her job done. In fact, plaintiff stated that she had not worked at all during the week of the hearing. (Tr. 205). As such, it is clear that plaintiff was performing a position that made accommodations for her impairments. Accordingly, we cannot say that her ability to perform work at her leisure is necessarily indicative of an ability to perform work in the general labor market. *See Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998) (holding that the presumption that a claimant is not disabled merely because the claimant had a lenient employer, a high tolerance for pain, or no other means of support would unfairly shift the burden of proof back onto the claimant at a point in the proceedings when the burden rightfully belongs on the Commissioner).

After a thorough review of the evidence, we also note that the record does not contain a physical or mental RFC assessment completed by plaintiff's treating physicians. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). We note, that the opinion of a consulting physician who examined the plaintiff once, or not at all, does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians and psychologists who have evaluated and/or treated plaintiff, asking them to review plaintiff's medical records; complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, provide the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in

question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this <u>14th</u> day of February 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE